UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KEVIN MYERS, on behalf of the Estate of MICHAEL MYERS,

                *Plaintiff*,

v.

MARK DAVENPORT, GLADYS CARRION, Commissioner of the New York State Office of Children and Family Services, and JOSEPH IMPICCATORE, Director, Tryon Residential Center,

                *Defendants*.

1:21-CV-0922
(AMN/CFH)

---

**APPEARANCES:**

**LAW OFFICES OF ELMER ROBERT KEACH, III, PC.**
One Pine West Plaza – Suite 109
Albany, NY 12205
*Attorneys for Plaintiff*

**NEW YORK STATE OFFICE OF ATTORNEY GENERAL - ALBANY**
The Capitol
Albany, NY 12224
*Attorneys for Defendant*

**OF COUNSEL:**

**ELMER R. KEACH, III, ESQ.**

**BRITTANY M. HANER, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 13, 2021, Plaintiff Kevin Myers ("Plaintiff") commenced this action on behalf of the estate of his son, decedent Michael Myers, pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his son's residency at Tryon Residential Center ("Tryon"), a facility run by the New York State Office of Children and Family Services, against Gladys Carrion,

Commissioner of the New York State Office of Children and Family Services; Joseph Impiccatore, Director of the Tryon facility; and Mark Davenport, a former employee at Tryon.  Dkt. No. 1 (the "Complaint").[1]  Plaintiff asserts claims for violations of decedent's constitutional rights under the Eighth and Fourteenth Amendments, as well as claims under New York law.  *Id.* at 9-13.

Presently before the Court is Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), seeking dismissal of the Complaint in its entirety.  Dkt. No. 47.  Plaintiff does not oppose dismissal of the Complaint but requests that the Court dismiss his state law claims without prejudice and with leave to refile in state court.  Dkt. No. 52.  For the reasons set forth below, the Court grants Defendants' motion for summary judgment.[2]

## II.   BACKGROUND

Plaintiff sues on behalf of his son, the decedent Michael Myers.  Dkt. No. 47-4 at ¶ 3.[3]  Michale Myers was born on September 9, 1992, and was a youth resident at Tryon, a facility run by the New York State Office of Children and Family Services, from January 2009 to October 2009.  *Id.* at ¶¶ 2, 4.  Defendant Mark Davenport worked as a Temporary Youth Aid at Tryon during the time Michael Myers was a resident.  *Id.* at ¶ 5.  Plaintiff alleges that Defendant Davenport anally raped Michael Myers in his bedroom at some point in 2009.  Dkt. No. 1 at ¶ 3.

On July 29, 2022, this Court dismissed Plaintiff's failure to supervise cause of action but denied Defendants Carrion and Impiccatore's motions to dismiss in relation to Plaintiff's deliberate

---

[1] Citations to court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[2] The case was reassigned to the undersigned on January 18, 2023.  Dkt. No. 38.

[3] Unless otherwise noted, the following facts have been asserted by Defendants in their statement of material facts with accurate record citations, and not denied by Plaintiff.  *See* N.D.N.Y. L.R. 56.1.  Plaintiff did not file a statement of material facts in response.

indifference and failure to protect claims. Dkt. No. 31. On January 5, 2024, the case was stayed pending a decision in a related case from the New York Court of Claims. Dkt. No. 45. That decision was rendered on March 26, 2024.

On April 26, 2024, Defendants filed a motion for summary judgment arguing that Plaintiff's Section 1983 claims are barred by the applicable statute of limitations and that this Court should refuse to exercise supplemental jurisdiction over the remaining state law claims. Dkt. No. 47-1. Plaintiff does not dispute that the statute of limitations bars his Section 1983 claims but insists that the state law claims should be dismissed without prejudice and with leave to refile in state court. Dkt. No. 52.

### III. STANDARD OF REVIEW

Summary judgment is properly granted only if, upon reviewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993). A court first determines "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "When analyzing a summary judgment motion, the court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Galeotti v. Cianbro Corp.*, No. 5:12-cv-00900 (MAD/TWD), 2013 WL 3207312, at *4 (N.D.N.Y. June 24, 2013) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994)).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter

of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). To determine whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). A "material" fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord R.B. Ventures, Ltd. V. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). The Court should "grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." *Schwimmer v. Kaladjian*, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (citing, *inter alia*, *Anderson*, 477 U.S. at 249-50).

## IV. DISCUSSION

Plaintiff concedes that his federal law claims violate the applicable statute of limitations and that this Court should not exercise supplemental jurisdiction over the remaining state law claims. Dkt. Nos. 47, 52.

The Court agrees. Plaintiff initially asserted that the Section 1983 claims were timely filed pursuant to N.Y. C.P.L.R. § 214-g ("§ 214-g"), part of New York's Child Victims Act. Section 214-g extended the statute of limitations for certain state law claims based upon "conduct which would constitute a sexual offense" against a minor. However, § 214-g "does not extend the statute of limitations for Section 1983 claims." *Boyle v. North Salem Central School District*, 19 CV 8577 (VB), 2020 WL 2319116, at *3 (S.D.N.Y. May 11, 2020); *see also Kane v. Mount Pleasant Central School District*, 80 F.4th 101, 109 (2d Cir. 2023). Instead, the residual statute of limitations applies for Section 1983 claims. *Id.* In New York, that means the statute of limitations for Section 1983

claims is three years. *Id.* (citing *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004)). For Section 1983 claims of minors, "the three-year statute of limitations" is tolled "until the minor reaches the age of majority." *Id.* (citing *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 437 (S.D.N.Y. 2014)). Here, Michael Myers turned 18 years old on September 9, 2010, meaning that the statute of limitations expired on September 9, 2013. Dkt. No. 47-2 at ¶ 3, Exhibit A.[4] This lawsuit was not filed until August 13, 2021, and thus, the applicable statute of limitations bars Plaintiff's Section 1983 claims. Therefore, the Court grants the motion for summary judgment in relation to the Section 1983 claims.

Given the dismissal of the sole federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("§ 1367(c)(3)") ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' in deciding whether to exercise jurisdiction." *Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (citation omitted). After carefully considering the relevant factors (i.e., economy, convenience, fairness and comity), the Court finds that they weigh decidedly in favor of declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. "Where, as here, the federal claims are eliminated in the early stages of litigation,[5] courts should generally decline to exercise pendent jurisdiction over

---

[4] To support the declaration of Nicholas Steinbock-Pratt, and the assertion that Michael Myers was born on September 9, 1992, Defendants seek to file under seal an official "Youth Family Information" document. Dkt. No. 48. Plaintiff has not opposed Defendants' motion to file under seal, nor has Plaintiff disputed the underlying fact that Michael Myers was born on September 9, 1992. After an in-camera review, the Court grants the request for a sealing order.

[5] The "early stages of litigation" encompasses any point "before trial." *Kolari*, 455 F.3d at 122.

remaining state law claims." *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). Regarding fairness and convenience, Plaintiff agrees that the state law claims should be dismissed. Dkt. No. 52 at ¶ 9. Moreover, the remaining claims involve the New York's Child Victims Act, making state court the appropriate forum.

Therefore, this Court grants Defendants' motion for summary judgment in relation to the remaining state law claims. Plaintiff's state law claims are dismissed "without prejudice to renewal in an appropriate state-court proceeding." *Drake v. City of Amsterdam Police Dep't.*, 1:21-CV-615, 2024 WL 3969002, at *22 (N.D.N.Y. Aug. 28, 2024).[6]

## V.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 47, is **GRANTED**; and the Court further

**ORDERS** Plaintiff's Section 1983 claims are dismissed with prejudice; and the Court further

**ORDERS** Plaintiff's remaining state law claims are dismissed without prejudice to refiling in state court pursuant to NY CPLR § 205; and the Court further

**ORDERS** Defendants' motion for a sealing order, Dkt. No. 48, is **GRANTED;** and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

---

[6] Plaintiff's state law claims are dismissed without prejudice to refiling in New York Supreme Court under N.Y. C.P.L.R. § 205. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) (emphasizing the importance of preserving remaining state law claims for refiling in state court under N.Y. C.P.L.R. § 205 where the district court has "dismissed all claims over which it has original jurisdiction").

**IT IS SO ORDERED.**

Dated: November 26, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge